IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN ROGER WILLIAMS,

    Petitioner,                    No. CIV 04-2032 FCD KJM P

    vs.

TOM L. CAREY, Warden,          ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges his Solano County conviction for drug offenses on two grounds: "the trial court's ruling denying petitioner's motion to suppress evidence was contrary to federal court rulings" and "the Court of Appeal opinion on direct appeal that there were sufficient cause for a Terry search was flawed." Petition (Pet.) at 5. The challenged decisions were made after a hearing in the trial court on petitioner's motion to suppress evidence and briefing on the issue in the state Court of Appeal. Pet. at 3, 5, 6.

1 In <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976), the Supreme Court held "we
2 conclude that where the State has provided an opportunity for full and fair litigation of a Fourth
3 Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground
4 that evidence obtained in an unconstitutional search or seizure was introduced at his trial."
5 Because petitioner had the opportunity in state court for full and fair litigation of his Fourth
6 Amendment claims, his attack on the state courts' resolution of those issues has been rendered
7 irrelevant by <u>Stone</u>.  <u>Gordon v. Duran</u>, 895 F.2d 610, 613-14 (9th Cir. 1990).

8 Petitioner has requested the appointment of counsel.  There currently exists no
9 absolute right to appointment of counsel in habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d
10 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
11 any stage of the case "if the interests of justice so require."  <u>See</u> Rule 8(c), Fed. R. Governing
12 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be
13 served by the appointment of counsel.

14 Accordingly, IT IS HEREBY ORDERED that:

15 1. Petitioner's request to proceed in forma pauperis is granted.

16 2. Petitioner's request for the appointment of counsel is denied.

17 Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
18 writ of habeas corpus be denied.

19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, petitioner may file written
4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
will2032.156